FILED

OCT 10 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BRAVO, | Case No. CV 08-6344-AHS (MLG) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| L.A. COUNTY, et al., | |
| Defendants. | |

Plaintiff Christopher Bravo, who is currently incarcerated at the Los Angeles County Jail, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on October 3, 2008. Plaintiff names the County of Los Angeles; the California Board of Parole Hearings; and Parole Officer Garret Saunders as Defendants. Otherwise, the complaint is essentially incomprehensible. Numerous other individuals are named as Defendants, but the Court is hard-pressed to figure out who they are or why they are named. As best that the Court can determine, Plaintiff was on parole and his parole was violated and he was re-incarcerated. Plaintiff claims that his First through Fourteenth Amendment rights were violated; that Parole Officer

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10/14/08

J. DeBose

DEPUTY CLERK

Saunders threatened to kill him; that Saunders committed perjury at the parole hearing; and that a variety of other mishaps occurred, all because his parole was violated. He alleges that the parole officer used excessive force and conspired to murder him. Interestingly, this is the third time Plaintiff has made such allegations against a parole officer. Civil suits were filed in this Court after parole revocations in 2001 and 2004, both of which were subsequently dismissed. *Bravo v. Municipal Court*, Case No. 01-8721-VAP (Mc); *Bravo v. Sims*, Case No. CV 04-1322-JFW (Mc).

In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court has screened the complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 and n. 10 (9th Cir. 2000)(en banc)(§ 1915(e)(2) applies to IFP complaints filed by both prisoners and non-prisoners).

The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim

up which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). To state a claim under 42 U.S.C. 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

It is well established that a district court has the discretion to dismiss a prolix complaint that fails to comply with the requirements of Rule 8, notwithstanding the existence of a viable cause of action. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129-30 (9th Cir. 2008); *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993); *Atkins v. Northwest Airlines*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Nevijel v. North Coast Life Ins.*, 651 F.2d 671, 674-75 (9th Cir. 1981). This is particularly so when the dismissal is without prejudice and with leave to file a motion to amend, as it is here. *Hearns*, 530 F.3d at 1131-32; *Ciralsky v. C.I.A.*, 355 F.3d 661, 668-69 (D.C. Cir. 2004); *McHenry v. Penne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

The complaint fails to meet the traditional pleading style prescribed by Rule 8(a), F.R.Civ.P., and fails to give defendants notice of what legal claims are being asserted. *See McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies

3

to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* at 1179.

In this case, the complaint consists of a rambling stream of consciousness narrative which goes from one subject to another without a coherent organization or clear statement of conduct giving rise to a cause of action. From what the court can discern, it may be that Plaintiff is claiming that he his rights were violated during a parole revocation proceedings. However, in order to recover money damages under section 1983 for harm caused by the unlawfulness of actions which would render a criminal proceeding invalid, a plaintiff must generally prove that the conviction has been reversed, expunged or otherwise invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[1]

To the extent that Plaintiff claims some defendant was deliberately indifferent to his medical care, he has failed to identify who violated his rights and the manner in which it was done.

Plaintiff must meet the requirements of Rule 8 by alleging in a comprehensible fashion a cause of action and against whom it is alleged. This complaint does neither.

For the reasons stated above, it is ORDERED that:

1.    All claims and Defendants are dismissed without prejudice and with leave to amend.

2.    If Plaintiff still wishes to pursue this action, he may file a first amended complaint within **twenty-one (21) days** of the date of this Order, remedying the deficiencies

---

[1] *But see e.g., Nonnette v. Small*, 316 F.3d 872, 877-78 (9th Cir. 2002)(holding a former prisoner challenging loss of good-time credits or parole revocation could proceed with a § 1983 action because habeas relief was no longer available).

4

1    discussed.  The first amended complaint must set forth all
2    of the facts which support Plaintiff's claims against these
3    Defendants and may not refer to the original complaint.
4    The first amended complaint should be captioned "FIRST
5    AMENDED COMPLAINT," and should bear this case name.   The
6    first amended complaint must clearly identify the specific
7    acts on which the claims are based.  It should include the
8    date, time, place and circumstances of the offending
9    conduct, the full details of what each defendant did or
10   failed to do, and the damage or injury suffered by
11   Plaintiff as a result.   The complaint must be legible.
12   Plaintiff is cautioned that he is responsible for
13   presenting factually accurate information to the Court.
14   A knowing misrepresentation to the Court is punishable by
15   sanction, including dismissal.

16   3.    Plaintiff is cautioned that failure to timely file a first
17         amended complaint will be construed by the court as his
18         consent to dismissal of the case.

19   4.    The Court's deputy clerk shall serve on Plaintiff a copy
20         of this Order and a blank civil rights complaint form
21         bearing the case number assigned to this action and marked
22         to show that it is a "First Amended Complaint."   If
23         Plaintiff chooses to continue prosecuting this action,
24         Plaintiff must use this form to the extent possible.

25   Dated: October 10, 2008

26

27

28                                    Marc L. Goldman
                                      United States Magistrate Judge

                                 5