

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BRAVO,<br><br>  Plaintiff,<br><br>  v.<br><br>LOS ANGELES COUNTY, et al.,<br><br>  Defendants. | Case No. CV 08-6344-AHS (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

On October 3, 2008, Plaintiff Christopher Bravo, a prisoner at the Los Angeles County Jail, filed this complaint pursuant to 42 U.S.C. § 1983, asserting constitutional violations arising from the revocation of his parole. October 10, 2008, Magistrate Judge Marc L. Goldman screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the complaint with leave to amend. Magistrate Judge Goldman found that "the complaint is essentially incomprehensible." It was further noted:

> As best that the Court can determine, Plaintiff was on parole and his parole was violated and he was re-incarcerated. Plaintiff claims that his First through Fourteenth Amendment rights were violated; that Parole

> Officer Saunders threatened to kill him; that Saunders committed perjury at the parole hearing; and that a variety of other mishaps occurred, all because his parole was violated. He alleges that the parole officer used excessive force and conspired to murder him. Interestingly, this is the third time Plaintiff has made such allegations against a parole officer. Civil suits were filed in this Court after parole revocations in 2001 and 2004, both of which were subsequently dismissed. *Bravo v. Municipal Court*, Case No. 01-8721-VAP (Mc); *Bravo v. Sims*, Case No. CV 04-1322-JFW (Mc).

Order Dismissing Complaint with Leave to Amend, at pp. 1-2.

Plaintiff was given 21 days in which to file an amended complaint. On October 29, 2008, Plaintiff was given an additional 30 days, to December 2, 2008, in which to file a first amended complaint. That order stated that no further extensions of time would be granted. On December 1, 2008, Plaintiff requested an additional 90-day extension in which to file his first amended complaint. That request was denied on the same day. Plaintiff has not filed his first amended complaint in the time allowed.

This action shall be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260-1261. *See also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Plaintiff was directed to file a first amended complaint no later than October 31, 2008, but failed to do so. He was given an extension of time to December 2, 2008, but then simply filed a request for another 90-day extension. Given Plaintiff's failure to comply with the court's order to file a first amended complaint, dismissal would not undermine the public policy favoring disposition of cases on the merits. There is no identifiable risk of prejudice to Defendants should dismissal be granted. Finally, there is no less drastic sanction available.

Balancing all of these factors, dismissal of this petition for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: <u>December 15, 2008</u>.

<u>**ALICEMARIE H. STOTLER**</u>
Alicemarie H. Stotler
Chief United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge

3